W. D. Hurford et al., Defendants in Error, v. Leo Shafton et al., Plaintiffs in Error.

## Gen. No. 14,633.

1. Appeals and errors—*when writ of error does not lie.* A writ of error does not lie by one party to a judgment which is joint as against himself and another.

2. Garnishment—*when garnishee subject to jurisdiction.* If garnishees appear in person and by counsel and urge their defense upon the trial of the cause they are thereby subject to the jurisdiction of the court and a personal judgment may be rendered against them.

3. Municipal Court—*propriety of judgment in garnishment.* The Municipal Court has power in rendering a judgment in a garnishment proceeding to make a just and equitable disposition of the rights of the parties before the court.

Attachment. Error to the Municipal Court of Chicago; the Hon. Oscar M. Torrison, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 8, 1909.

John W. Burdette and Nicholas J. Pritzker, for plaintiffs in error.

Henry M. Shabad, for defendants in error.

Mr. Presiding Justice Holdom delivered the opinion of the court.

The record discloses that the original cause was an attachment suit in which W. D. Hurford & Company was plaintiff and J. Burmestrovitz and J. Weinstein, doing business as "National Laundry," were defendants. It also appears that Sterne & Son Company, a corporation, and the Troy Laundry Machine Company sued the same defendants in the Municipal Court in similar actions about the same time. The common law record, however, reveals nothing in relation to these last two attachments until the order of consolida-

tion recited in the final judgments against the garnishees sought to be reversed, which were entered in one final order April 18, 1908, *nunc pro tunc,* as of January 4, 1908. On October 31, 1907, on motion of defendants in the Hurford suit it was dismissed for want of prosecution. On the following day, on notice to Pritzker, attorney, and J. J. Sankstone, one of the garnishees, the order of dismissal was vacated. Samuel Sankstone, J. J. Sankstone, A. Belinsky, Katie Pike and Leo Shafton were summoned as garnishees. On November 16, 1907, a judgment in the Hurford case was entered against the defendants Burmestrovitz and Weinstein for $134.01 and costs taxed at $22.60. We do not find in the record any judgments against defendants in either of the two other attachment suits. The remainder of the proceedings relates to the garnishees solely.

Many objections are made on behalf of the garnishees Leo Shafton and Samuel Sankstone, the only plaintiffs in error now before the court; but we shall take notice of such only as we deem in point to sustain the conclusion to which we have arrived, in affirming the judgment of the Municipal Court.

Many irregularities both in this and the Municipal Court have intervened. The three judgments in favor of the several plaintiffs against the garnishees in the attachment suits are entered in the same order. No judgment is shown to have been entered in two of the suits against the defendants, but as they are not here complaining and no one can be heard to complain for them, we are not called upon to consider such irregularity. Clark v. Marfield, 77 Ill. 259.

Belinsky sues out a writ of error on a joint judgment against himself and Katie Pike. This is irregular and contrary to practice. Belinsky, after joining in error with Shafton and Sankstone, on the motion of the latter was eliminated from the cause by an order of severance. This was another irregularity, as there can be no severance after joinder in error. If a motion to dis-

miss for such irregularities had been made, it would have been allowed. No such motion has been made. Neither is the point raised in argument. We have consequently determined to look to the merits alone as a basis of our decision.

Whatever may be said concerning the irregularity of the order reinstating the cause the day following its dismissal, defendants have abided the action of the court without complaint, and the garnishees before us, Sankstone and Shafton, submitted themselves to the jurisdiction of the court by appearing in person and by counsel and urging their defenses upon the final trial of the cause against them. By so doing they vested the court with jurisdiction to render judgment *in personam* against them. They urge lack of notice, but the only function a notice of such character serves is to bring the party before the court. They were before the court. It is not important how they were brought into the jurisdiction of the court; the fact remains they were in court by participating in the trial, submitting themselves to its jurisdiction.

It appears from the facts in the record that Samuel Sankstone bought of Pike and Belinsky a laundry for $2300. Certain sums were paid to Pike and Belinsky on account of such purchase, and other sums were retained by Sankstone with which to pay certain of Pike and Belinsky's creditors. At the time of the service of the garnishee summons upon Samuel Sankstone he owed Pike and Belinsky $243.95 of the purchase price of the laundry after crediting him with all payments made by him on account of such purchase price. This amount due Pike and Belinsky was owing by them to defendants Burmestrovitz and Weinstein at the time of such service. Leo Shafton recovered in his own name, but really for the use of Burmestrovitz and Weinstein, in the Municipal Court on March 15, 1907, a judgment for $260.19 against Pike and Belinsky. The Municipal Court ordered Shafton to assign that judgment to a receiver which the court appointed for that

purpose, but Shafton failed to obey that order and did not make the assignment, for the disobedience of which order Shafton was held to be in contempt of court. The court found that Shafton had no title, right or interest in that judgment, but held the same for the defendants in the attachment, Burmestrovitz and Weinstein. Judgment was given against Samuel Sankstone for $243.95, the amount due from him to Pike and Belinsky, and by the latter to Burmestrovitz and Weinstein, and against Leo Shafton for $231.16, the amount of the judgment obtained by him in the Municipal Court against Pike and Belinsky, less some credits, the defendants Burmestrovitz and Weinstein being in fact the beneficial owners of said judgment. This appears to be an equitable and just disposition of the rights of the parties before the court upon the merits, of which, aside from the irregularities in procedure mentioned, no party has any just cause of complaint.

The judgment of the Municipal Court is affirmed.

*Affirmed.*